IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SUE BAUDIER,

        Plaintiff,

  vs.                                    No. CIV 00-1026 LFG/RLP

DR. WILLIAM CHAMPION and
MARIANNE CHAMPION,

        Defendants.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant's Motion for Summary Judgment [Doc. 14]. The response and reply were filed as a package, in accord with local rules. The motion may be decided on the pleadings; no oral argument is necessary.

### Facts and Procedural History

In this diversity action, Plaintiff Sue Baudier ("Baudier") alleges that on July 19, 1997, she was raped by Perry Champion, the manager of the St. James Hotel, where she was employed as a bartender. Perry Champion ("Perry") is the son of the Defendants, William and Marianne Champion (who will be referred to hereafter in their individual capacities as "the Champions"). Baudier alleges that the Champions are the sole shareholders of the St. James Corporation, which owns the St. James Hotel, and that as such they "necessarily dominate" the corporation. (Complaint, at ¶ 19). She further alleges that the Champions hired Perry and promoted him to the position of hotel manager, knowing that he had tendencies toward violence, confrontation and conflict; she asserts causes of action for negligent hiring, training, supervision and retention; and for intentional infliction of emotional distress.

The Champions move for summary judgment, arguing that these same causes of action, among others, were dismissed on summary judgment in Baudier's state court suit brought against the St. James Corporation d/b/a/ St. James Hotel, and Perry Champion, No. 98-4-CV (Eighth Judicial District Court, Colfax County), and they therefore cannot be relitigated in this action.  In the state court case, the St. James Corporation was awarded summary judgment on all counts; this decision was affirmed by the New Mexico Court of Appeals, and the New Mexico Supreme Court denied certiorari.  Among other things, the state court held that the "St. James Corporation cannot be held liable under a theory of negligent hiring, training, supervision or retention for the harm caused by the alleged intentional acts of Perry Champion."  (Ex. E to Memorandum in Support of Defendant's Motion for Summary Judgment [Doc. 15], hereafter cited as "Defendant's Memorandum").  The Champions argue that the claims being advanced in the present suit have already been fully litigated in state court and are therefore *res judicata*.

## Discussion

"'Under the doctrine of res judicata, a judgment on the merits in a prior suit bars a second suit involving the same parties or their privies based upon the same cause of action' . . .  The doctrine of res judicata bars relitigation of issues that were or could have been raised in the first action."  Ten Mile Industrial Park, 810 F.2d 1518, 1522-23 (10th Cir. 1987), *quoting from* Parklane Hosiery Co. v. Shore, 439 U.S. 322, 326 n.5, 99 S. Ct. 645, 649 n.5 (1979).

Baudier argues that the state court suit was brought against different defendants -- the St. James Corporation rather than the Champions individually -- and therefore the ruling in that case cannot be res judicata herein.  However, the two suits need not name the same defendants in order for res judicata to be effective, as long as the parties in the two suits are in privity with each other.

Parklane Hosiery, 439 U.S. at 326 n.5.  A corporate "alter ego" relationship which would support a piercing of the corporate veil is sufficient to establish privity for purposes of res judicata.  Robinson v. Volkswagenwerk AG, 56 F.3d 1268, 1275 (10th Cir. 1995).

Baudier appears to concede that the Champions are "alter egos" of the St. James Corporation. In her complaint in this action, she states that the Champions are the only two shareholders of the St. James Corporation "and necessarily dominate it," and that they are the ones who made the decision to promote Perry to the position as hotel manager.  (Complaint, ¶¶ 17, 19).  In addition, Baudier attempted to bring William Champion into the state court suit as an individual defendant, arguing:

> I think the -- this is one set of events, and it's really integral.  The theory behind piercing the corporate veil I think requires that we have both the corporate defendant, which is a mirror -- alter ego of the person we want to bring in who ran the corporation as his own private family business, putting his son in as manager of the hotel . . .  The theory of alter ego is that there was no difference between the corporation and Dr. Champion.  And I think we can prove that.

Transcript of Proceedings, Hearing on Motion for Summary Judgment in Case No. 98-4-CV (Ex. A to Defendant's Reply [Doc. 17]).

Baudier argues that the question of "piercing the corporate veil," with its sub-issues of alter ego, improper purpose, and proximate causation, Harlow v. Fibron Corp., 100 N.M. 379, 671 P.2d 40 (Ct. App. 1983), was never litigated in the state court action.  It is true that the state court did not reach the issue of "alter ego" in its ruling rejecting Baudier's attempt to bring William Champion into the lawsuit.  However, the court did find that the St. James Corporation was not liable on any of the causes of action brought in that suit; that issue was fully litigated.  And, as Baudier acknowledges, William and Marianne Champion are the individuals whose actions formed the basis of the allegations against the St. James Corporation, as they are the persons who hired, promoted, and retained Perry

Champion.  Hence, the Champions are in privity with the St. James Corporation, and the state court's ruling that the corporation is not liable necessarily encompasses a holding that the Champions were not negligent in hiring, training, supervising and retaining Perry as manager of the St. James Hotel. This previous ruling on liability is *res judicata* and requires dismissal of the present case.

Baudier argues that she is now suing the Champions individually, for their own wrongful acts, whereas in the previous action she was suing the corporation.  However, as noted above, her theory of corporate liability was based on the individual actions of the Champions and, although a corporate officer may be sued individually for his or her own wrongful acts, Morrow v. Cooper, 113 N.M. 246, 249, 824 P.2d 1048, 1051 (Ct. App. 1991), the officer may not be sued if the issue of individual liability has already been litigated.  In this case, the state court's ruling that the corporation did not engage in negligent hiring and retention dispenses with the assertion that the Champions were individually liable, given Baudier's position that the Champions, as sole shareholders, "necessarily dominated" the corporation.  A court has ruled that the corporation, which acted solely through the Champions, was not negligent in hiring and retaining Perry Champion, and that holding precludes Baudier from suing the Champions individually for the same acts.

This conclusion is bolstered by the fact that New Mexico courts have adopted the rule on claim preclusion in cases involving vicarious liability, as embodied in the Restatement (Second) of Judgments § 51(1).  This section is applicable in the present case, because any liability of the St. James Corporation would be based on vicarious liability for the actions of the Champions. Morrow, 113 N.M. at 249 ("a corporate officer or employee . . . can also make the corporation liable for his wrongful acts").

This Restatement section "recognizes that when an injured party initiates separate actions against a vicariously liable party and the primary obligor, and the injured party is unsuccessful in one claim, she is thereafter precluded from litigating a second claim based on the same conduct." Gonzales v. Hernanadez, 175 F.3d 1202, 1205 (10th Cir. 1999). Section 51(1) of the Restatement provides:

> If two persons have a relationship such that one of them is vicariously responsible for the conduct of the other, and an action is brought by the injured person against one of them, the judgment in the action has the following preclusive effects against the injured person in a subsequent action against the other.
> (1) A judgment against the injured person that bars him from reasserting his claim against the defendant in the first action extinguishes any claim he has against the other person responsible for the conduct unless:
> (a) The claim asserted in the second action is based upon grounds that could not have been asserted against the defendant in the first action; or
> (b) the judgment in the first action was based on a defense that was personal to the defendant in the first action.

Under this section, Baudier's claim is precluded if four requirements are satisfied: (1) the corporation's liability in state court was predicated on vicarious responsibility for the acts of the Champions, the defendants herein; (2) the state judgment would preclude a second claim by Baudier against the corporation for that conduct; (3) the current federal claim is based on grounds that Baudier could have asserted, or did assert, against the corporation in the state litigation; and (4) the state court judgment was not based on a defense personal to the corporation. Ford v. N.M. Dept. of Public Safety, 119 N.M. 405, 409, 891 P.2d 546, 550 (Ct. App. 1994).

All of these requirements have been met in this case. As noted above, the liability of the St. James Corporation in the prior state suit was predicated on its vicarious liability for the acts of the

Champions.  The summary judgment rendered in state court in favor of the corporation on all counts was a final judgment and precludes any further action against the corporation.  The grounds of the current complaint, negligent hiring and retention as well as intentional infliction of emotional distress, were alleged and fully litigated in the state complaint.[1]  Finally, the state court judgment was not based on a defense which was personal to the corporation; it merely found no negligence in hiring, training, supervision or retention.  Thus, the Restatement section applies in this case, and Baudier's claim against the Champions is precluded.

### Conclusion

"One theme permeating the law of judgments is that a litigant is ordinarily not entitled to more than one fair bite at the apple."  Ford, 119 N.M. at 407.  Here, Baudier presented, unsuccessfully, her claims to a state tribunal.  She has had "one fair bite" and is not entitled to relitigate these claims.

IT IS THEREFORE ORDERED that Defendant's Motion for Summary Judgment [Doc. 14] is granted, and the case will be dismissed.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge

---

[1]Although the state court did not explicitly mention the claim for intentional infliction of emotional distress in its ruling on summary judgment, it did find that there was no negligence on the part of the corporation (and hence the Champions) in hiring, training, supervision or retention, and this finding necessarily encompasses a conclusion that there was no intent to inflict emotional distress, a cause of action which requires a much stronger showing than negligence.